**Francisco Javier Barrera MORENO,
aka Francisco Moreno,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 12–73770.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2015.*

Filed April 15, 2015.

Jaime Jasso, Esquire, Law Offices of
Jaime Jasso, Westlake Village, CA, for
Petitioner.

Todd J. Cochran, Oil, U.S. Department
Of Justice, Washington, DC, Chief Counsel
Ice, Office of the Chief Counsel Department
Of Homeland Security, San Francisco,
CA, for Respondent.

Before: FISHER, TALLMAN, and
NGUYEN, Circuit Judges.

MEMORANDUM **

Francisco Javier Barrera Moreno, a native
and citizen of El Salvador, petitions
for review of the Board of Immigration
Appeals' order dismissing his appeal from
an immigration judge's order denying his
motion to reopen removal proceedings.
We have jurisdiction under 8 U.S.C.
§ 1252. We review for abuse of discretion
the denial of a motion to reopen, and review
de novo questions of law. *Mohammed
v. Gonzales,* 400 F.3d 785, 791–92
(9th Cir.2005). We deny the petition for
review.

The agency did not abuse its discretion
in denying Barrera Moreno's motion to
reopen for failure to establish prejudice,
where Barrera Moreno testified at his removal
hearing that he had no fear of returning
to El Salvador, *see id.* at 793 (to
prevail on an a motion to reopen based on
ineffective assistance of counsel, an alien
must demonstrate that he was prejudiced
by counsel's performance), and failed to
establish prejudice from any failure to advise
him of his right to appeal the withdrawal
of his Temporary Protected Status,
*see Lata v. INS,* 204 F.3d 1241, 1246 (9th
Cir.2000) (to prevail on a due process challenge,
an alien must show error and prejudice).

In light of this disposition, we do not
reach Barrera Moreno's remaining contentions.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication
and is not precedent except as provided
by 9th Cir. R. 36–3.